# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THE ESTATE OF MICHAEL DAVENPORT,**
**DECEASED By and through Clottee Knight, Administrator**  **PLAINTIFF**

**V.**   **CASE NO. 4:07CV76**

**HERMAN WESLEY KNIGHT, In his Individual Capacity**   **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before this court upon the Plaintiff's claims brought under the Eighth Amendment and 42 U.S.C. § 1983. The court, having heard and considered the evidence in this case, now finds in favor of the Defendant.

A two day bench trial in this matter was held beginning July 12, 2009. Pursuant to Federal Rule of Civil Procedure 52, the court makes the following findings of fact and conclusions of law.

Michael Davenport was an inmate assigned to work as a firefighter for the Parchman Volunteer Fire Department ("PVFD"). Defendant Herman Knight was the Fire and Safety Inspector and Chief of the PVFD during Davenport's service.

Davenport died on March 9, 2009 while fighting a house fire. Davenport had been in the house with another inmate firefighter, Robert Grays, and the PVFD captain, Billy Burchfield, when Knight entered the house and relieved the captain. There is some dispute over which of these firefighters were wearing their self-contained breathing apparatuses, or SCBA, but all agree that Davenport had this gear.[1] The three remaining men proceeded up to the second floor, with

---

[1] Knight testified that Burchfield was not wearing his SCBA, and that Knight himself did not have on the gear. Burchfield, however, testified that Knight was wearing his SCBA when Knight entered the house.

Davenport serving on the hose nozzle. The heat near a bedroom became very intense, causing Grays to vacate the house. Knight ordered Davenport to back out as well, and then exited the house himself. Knight did not have physical contact with Davenport, nor did he look behind him to ensure Davenport was exiting. Knight performed a head count once outside and after some confusion noticed Davenport was missing. Thus, the fire hose remained in the house. The firefighters continued to fight the fire from outside the home until it was safe to reenter the house in search of Davenport. Davenport's body was found on the second floor and on the opposite end of the house from where Knight had left him.

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). "[A] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In order to find that a prison official acted with "deliberate indifference" this court must conclude that the official knew the inmate faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id*. at 847. This disregard must be of a known excessive risk to inmate health or safety. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

The issue in this case is whether the absence of a two in-two out or "buddy" system gives rise to the level of deliberate indifference on behalf of Chief Knight in his individual capacity. Plaintiff elicited no testimony that established Knight made a deliberate decision to ignore a known risk that would result in harm to an inmate if the two in-two out system was not implemented.

Plaintiff's expert, Scotty Smith, did testify that a two in-two out or 'buddy' system was the most preferred method of ensuring firefighter safety. Smith explained that the safety system ensures all firefighters enter and leave a fire with another firefighter so that no person is trapped in a fire alone.

Chief Knight stated that he was familiar with this safety method of the buddy system, and that he had trained and had been trained on the system at previous employments. Knight did not implement the buddy system between himself and Davenport, the sole remaining firefighter in the building when Burchfield left the home. The physical contact that Plaintiff's witness Smith described as an essential requirement of the buddy system was absent. Knight did order Davenport to exit the home, but did not ensure that Davenport was with him on his retreat.

However, Chief Knight testified that he left the fire hose in the house. Essentially, he was providing a physical contact through this 'lifeline' by which Davenport could reach safety, as he had been trained to follow the hose to escape treacherous fires. This is evidence of at least some effort to maintain Davenport's safety while fighting the fire.

Chief Knight exhibited negligence in failing to maintain actual physical contact with Davenport to ensure he safely exited the house. However, "deliberate indifference requires a showing of more than negligence or even gross negligence." *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Plaintiff has failed to meet this showing.

Defendant argues he is shielded from liability for civil damages by the doctrine of qualified immunity. This shield protects government officials performing discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

3

2727, 73 L. Ed.2d 396 (1982). Chief Knight did not commit a violation of Plaintiff's clearly established constitutional right under the Eighth Amendment through deliberate indifference based on the facts of this case, as discussed above. Thus, the Court determines he is entitled to qualified immunity.

There is no doubt that the incident giving rise to this lawsuit is tragic. It is this Court's obligation to apply the law to the particular facts of a case no matter how difficult they may be. Michael Davenport nobly performed a heroic service for the community and, in doing so, gave his life to protect the home of another citizen. Mr. Davenport performed his job admirably. Furthermore, counsel for all the parties in this proceeding are to be commended for their professionalism exhibited during this trial.

In light of the foregoing, the Court finds in favor of Defendant, Chief Herman Knight, and enters judgment accordingly.

This the 30th day of September, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**